# George F. Stahr, Appellant, v. Catharine Ann Brewer.

*Married women—Judgment note—Surety—Principal and agent.*

On an issue to determine what is due on a judgment note given by a married woman, a judgment on a verdict in favor of the defendant, except as to a small amount, will be sustained by the Supreme Court where the evidence, although conflicting, tends to show that the debt was contracted by the husband in his general business as contractor, and that he was not his wife's agent, except as to a small quantity of work done upon her separate estate for the value of which the verdict was for the plaintiff.

Argued March 8, 1899. Appeal, No. 94, Jan. T., 1899, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1895, No. 145, on issue to determine what was due upon a judgment. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue to determine what was due upon a judgment. Before SCHUYLER, P. J.

At the trial it appeared that on March 4, 1895, defendant gave plaintiff a judgment note for $1,322.08, upon which judgment was duly entered. Subsequently the defendant took a rule on plaintiff to show cause why the judgment should not be opened and she permitted to make defense on the ground that the note had been given to secure a debt of her husband. This rule was made absolute.

The court charged as follows :

For present purposes the case on trial is to be treated exactly as if it was an action to recover the amount of the judgment note in controversy; in other words, as if it was an action on the note. The note is for $1,322.08. The execution of the note is admitted, that is to say, the defendant admits that she signed the note and delivered it to the plaintiff, so that if there were nothing more in the case than that it would be your duty to return a verdict in favor of the plaintiff for the full amount of the note with interest. But the defendant is a married woman, and her contention is that she ought not to be held liable on the note, because, as she alleges, it was given as surety for her husband. The plaintiff denies the allegation that the defendant gave the note as surety for her husband, and claims that it was given for her own proper debt. At common law a married woman could not make a contract of any kind, but in this state her powers in this respect have been greatly enlarged by legislation, so that now she may make almost any kind of a contract. I say almost any kind of a contract, for there is still one class of contracts into which she cannot enter, that is to say, she may not become accommodation indorser, maker, guarantor, or surety for another. [If, therefore, as claimed by the defendant, the note in controversy was given by her as surety for her husband, your verdict would have to be in her favor. Was it

so given? The determination of this question will depend upon the decision of another question, to wit: the question of agency, which has figured so prominently in the present trial.] [1] That you may understand the bearing of this question of agency on the issue before you, I will call your attention briefly to a few facts that are undisputed. Simpson Brewer, the husband of the defendant, was a mason and contractor. In the year 1878, I think it was, he was sold out by the sheriff, leaving a very considerable amount of indebtedness undischarged. After his failure he continued to carry on business the same as before. He also from time to time made purchases of real estate, always having the deeds made to his wife with her knowledge and consent. On some of the properties thus conveyed to his wife he erected dwelling houses also with her knowledge and consent. As further bearing on the question of agency your attention is called to the testimony of Mr. Uberroth, and to the letter to the South Bethlehem bank, alleged to have been written by the defendant. You will remember, however, that the defendant denies that her signature to that letter is genuine.

In the course of his business as mason and contractor, Mr. Brewer made large purchases of masons' supplies from the plaintiff, on credit. These supplies were charged against Simpson Brewer individually. On March 4, 1895, there was due to the plaintiff on this account $1,322.08, and it was in settlement of this sum that the defendant gave the judgment note in question. [It is admitted that $166 of this sum represents supplies that went into the houses erected on the land deeded to the defendant as before mentioned, and that the balance went into houses erected by Mr. Brewer for other persons in his general business of mason and contractor.] [2]

[Now, the plaintiff's contention is that, after his failure in all of his business transactions, including his purchases of supplies from the plaintiff, he acted as his wife's agent. If you so find, then your verdict should be in favor of the plaintiff for the full amount of the note in controversy, with interest; for, if the fact be so, then the note was given by the defendant, not as surety for her husband, but in discharge of her own indebtedness. If, however, you find that Mr. Brewer was not his wife's agent generally, you will next inquire whether he was her agent in the construction of the houses erected upon her own land;

and if you so find, the plaintiff will be entitled to your verdict
for $166, the amount of supplies which it is admitted went
into those houses, with interest.] [3]

There is another aspect of this case to which it is my duty to
call your attention. It is claimed by the plaintiff that the
arrangement under which Simpson Brewer, with his wife's full
knowledge and consent, put all the real estate purchased by
him in his wife's name, in connection with the manner in which
he carried on his business as mason and contractor, was a scheme
on their part to shield the property from Simpson's creditors,
and that the note in question was a part of said scheme. I in-
struct you that if you find that there was such a scheme, your
verdict should be in favor of the plaintiff for the full amount
of his claim. [On the other hand, if you find that there was
no scheme to defraud creditors, and that Simpson was not his
wife's agent, either generally or specially, and that the note in
suit was given by the defendant as surety for her husband, then
your verdict should be for the defendant.] [4]

Verdict and judgment for plaintiff for $166. Plaintiff ap-
pealed.

*Errors assigned* among others were (1–4) above instructions,
quoting them.

*George R. Booth,* for appellant, cited Arnold v. Stedman,
45 Pa. 186 ; Elkin v. Timlin, 151 Pa. 491 ; Voskamp v. Con-
nor, 173 Pa. 109 ; Karns v. Moore, 5 Pa. Superior Ct. 381 ;
Hemphill v. McClimans, 24 Pa. 371 ; Dennis v. Grove, 4 Pa.
Superior Ct. 480 ; Harrisburg Nat'l Bank v. Bradshaw, 178 Pa.
180 ; Wiltbank v. Tobler, 181 Pa. 103 ; Patrick v. Smith, 165
Pa. 526 ; Weigle v. Mercer, 1 Pa. Superior Ct. 490.

*Harry C. Cope,* for appellee, cited Monroe v. Smith, 79 Pa.
459 ; Kimble v. Smith, 95 Pa. 71 ; Harlan v. Maglaughlin, 90
Pa. 293.

PER CURIAM, March 27, 1899 :

The learned court below distinctly instructed the jury that
if they found that there was a scheme between Brewer and
his wife to put all the property in his wife's name in order to

shield it from his creditors, they should render a verdict in favor of the plaintiff for the full amount of his claim. The jury, by their verdict for only $166, necessarily found that there was no fraudulent arrangement between Brewer and his wife. They must also be considered as having found that Brewer was not the agent of his wife in his general business. The subject of agency was fully considered, and fairly presented to the jury in the charge, and the jury found in favor of the defendant on that subject except as to the $166. On the question of suretyship the jury found in favor of the defendant and it must therefore be assumed that they found the note was executed by the wife as surety for her husband. There was evidence in the case to warrant the submission of that question to the jury. It was a question of fact and was necessarily to be determined by them.

These were the fundamental questions in the case and we cannot say there was any error in the treatment of them by the court.

Judgment affirmed.